THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
v.
James Keion
 Spann, Appellant.
 
 
 

Appeal From Lee County
R. Ferrell Cothran, Jr., Circuit Court
 Judge

Unpublished Opinion No.  2012-UP-207
Submitted March 1, 2012  Filed March 28,
 2012 

AFFIRMED

 
 
 
Appellate Defender LaNelle Cantey DuRant,
 of Columbia, for Appellant.
Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka,
 and Senior Assistant Attorney General William Edgar Salter, III, all of Columbia;
 and Solicitor Ernest A. Finney, III, of Sumter, for Respondent.
 
 
 

PER CURIAM: James Keion Spann appeals his convictions of murder,
 first-degree burglary, and possession of a weapon during a violent crime,
 arguing the trial court erred in admitting his statement because it was
 unfairly prejudicial as it made him appear guilty, although he was referring to
 an outstanding bench warrant and not to murder.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Pagan,
 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence
 is within the discretion of the trial court and will not be reversed absent an
 abuse of discretion. An abuse of discretion occurs when the conclusions of the
 trial court either lack evidentiary support or are controlled by an error of
 law." (citations omitted)); State v. Martucci, 380 S.C. 232, 251,
 669 S.E.2d 598, 608 (Ct. App. 2008) ("Relevant evidence may be excluded if
 its probative value is substantially outweighed by the danger of unfair
 prejudice." (citing Rule 403, SCRE)); State v. Adams, 354 S.C. 361,
 378, 580 S.E.2d 785, 794 (Ct. App. 2003) (noting the appellate court's
 obligation to give great deference to the trial court's decision regarding the
 comparative probative value and prejudicial effect of evidence, a decision
 which should be reversed only in exceptional circumstances).
AFFIRMED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.